Filed 12/30/15  P. v. Cromwell CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>RYAN JAMES CROMWELL,<br><br>     Defendant and Appellant. | A145950<br><br>(Humboldt County<br>Super. Ct. No. CR1502525) |

Appellant Ryan James Cromwell appeals from his six-year state prison sentence in the above-referenced criminal case.  Appellant's counsel has filed an opening brief in which no issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel has declared that appellant has been notified that no issues were being raised by counsel on appeal, and that an independent review under *Wende* instead was being requested.  Appellant was also advised of his right personally to file a supplemental brief raising any issues he chooses to bring to this court's attention.  No supplemental brief has been filed by appellant personally.

We note that appellant has not obtained a certificate of probable cause, which is required by Penal Code[1] section 1237.5 when a defendant seeks to appeal from a judgment entered following a guilty or no contest plea.  A certificate is not required when the notice of appeal states, as appellant's does here, that the appeal is based upon the

---

[1]  All further undesignated statutory references are to the Penal Code, unless otherwise indicated.

1

sentence or other matters occurring after the plea that do not affect the validity of the plea. Accordingly, we have reviewed the whole record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, focusing upon grounds for appeal arising after entry of the plea. Having done so, we conclude that there is no arguable issue on appeal.

## PROCEDURAL AND MATERIAL FACTUAL BACKGROUND OF CASE

A four-count felony complaint was filed by the Humboldt County District Attorney's Office on June 4, 2015, charging appellant with one count of first degree burglary (§ 459) one count of unlawful taking of a vehicle (Veh. Code, § 10851), one count of failing to register upon release from incarceration (§ 290.015, subd. (a)), and one count of resisting or obstructing a peace officer or emergency medical technician (§ 148, subd. (a)(1)). The complaint also alleged that, as to counts one and two, appellant had suffered two prior convictions for which he served a term in state prison within the preceding five years, within the meaning of section 667.5. Appellant entered pleas of not guilty to the charges and denied the special allegations.

On June 17, 2015, appellant accepted a plea disposition that had been offered by the prosecution. By this negotiated plea, appellant pleaded guilty to counts one and four (residential burglary and resisting a peace officer). In return for his guilty pleas, both sides agreed that appellant would receive a six-year state prison sentence, of which he would be required to serve 85 percent. Appellant was given a total of 19 days custody credit for time served. Restitution, fines and penalties required by law were also imposed, along with other conditions. As part of the disposition the prosecution also agreed to dismiss the remaining counts and allegations. When the plea was accepted in court, appellant was fully advised of the rights he was waiving by entering his plea.

## CONCLUSIONS BASED UPON INDEPENDENT RECORD REVIEW

Upon our independent review of the record we conclude there are no meritorious issues to be argued, or that require further briefing on appeal.

We also discern no error in the plea disposition or in sentencing. The sentence appellant received, and the restitution fines, penalties, and conditions imposed were supported by the law and facts. At all times appellant was represented by counsel.

## DISPOSITION

The judgment is affirmed.

_____
RUVOLO, P. J.

We concur:


_____
REARDON, J.


_____
STREETER, J.

A145950, *People v. Cromwell*

4